This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Local Rule 25, the record from the Cuyahoga County Court of Common Pleas and the briefs of counsel. Plaintiff-buyer Benjamin Gordon filed this breach of contract and fraudulent concealment action against defendant-seller Christine Wisniewski, claiming defendant concealed the extent of flooding that occurred in a house plaintiff purchased from defendant. Plaintiff alleged that seasonal flooding left up to five feet of water in his basement and also flooded the land surrounding the house with knee-high water. During discovery, plaintiff submitted a cost estimate prepared by an engineer who gave two different proposals for solving the "flooding damage." The proposals would cost either $38,350 or $37,295.
Just prior to trial (the court previously denied defendant's motion for summary judgment), defendant filed a motion inlimine seeking to bar plaintiff from introducing the engineer's report because the report failed to provide "a causal connection between the flood and the improvements made on the property, including the home." While hearing the motion inlimine prior to the start of trial, the court told plaintiff, "you do not have any opinion from any expert to say what causes the water to come into the home." Concluding that plaintiff could not prove causation of his damages, the court invited defendant to make "an oral motion to dismiss the case." Defendant did so and the court dismissed the case. Plaintiff's assigned errors challenge the propriety of the dismissal.
We first find the court erred by dismissing the case since it had no authority to do so. The parties, apparently groping for some basis in the rules, have characterized the dismissal as one occurring for failure to prosecute under Civ. R. 41(B)(1). That characterization is generous to the court. A dismissal for failure to prosecute can only occur where the plaintiff "fails to prosecute, or comply with these rules or any court order." While the Staff Notes to Civ.R. 41(B)(1) suggest that a plaintiff might be subject to a motion to dismiss for failure to prosecute "where he appears at trial totally unprepared or fails to appear at trial at all," the rule does not apply under the circumstances. Plaintiff appeared fully prepared to proceed to trial. He had not violated any rule or order of the court. The court's conclusion that plaintiff could not prove causation was an evidentiary conclusion that had nothing to do with plaintiff's preparedness for trial. Rule 41(B)(1) does not permit the court to dismiss a matter on substantive grounds. Here, the court concluded plaintiff could not prove that flooding caused his damages. Although, as we shall presently make clear, we disagree with that conclusion, the court should have waited for trial to commence, listened to the evidence and then entertained either a directed verdict under Civ.R. 50(A) or an involuntary dismissal under Civ.R. 41(B)(2).
We also find the court erred by concluding that plaintiff failed to submit evidence to show a causal connection between the required repairs to the property and the flooding. The reason for this error stems from the court's willingness to accept defendant's misplaced argument that plaintiff needed to submit an expert opinion on causation in order to have his damage estimate admitted into evidence under Loc.R. 21.1 of the Court of Common Pleas of Cuyahoga County, General Division.
Initially, we note that this was a fraudulent concealment action, so the cause of the flooding would not be at issue. In order to prove fraudulent misrepresentation, a buyer must establish each of the following elements: 1) a representation, or where there is a duty to disclose, concealment of a fact, 2) which is material to the transaction at hand, 3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, 4) with the intent of misleading another into relying on it, 5) justifiable reliance upon the representation or concealment, and 6) a resulting injury proximately caused by the reliance. Schlecht v. Helton, Executrix of the Estate ofVera Schoeder (Jan. 16, 1997), Cuyahoga App. No. 70582, unreported. The salient issues would have been whether flooding had occurred prior to the sale of the house and, if flooding had occurred, whether defendant fraudulently concealed that prior knowledge. The court's decision to dismiss this case completely ignored plaintiff's cause of action for fraudulent concealment.
Moreover, the court's conclusion that plaintiff did not comply with Loc.R. 21.1 is erroneous. Loc.R. 21.1 states in part that "* * * [a]n expert will not be permitted to testify or provide opinions on issues not raised in his report." The cause of the flooding was not an opinion required to be expressed in the engineer's report on remedial measures necessary to stem the flooding. The engineer had been retained to provide solutions to the flooding problem and a cost estimate for those solutions. His report did so and did not have to be expressed to any greater degree of certainty than would a car mechanic quoting a price to repair a dented fender. By the court's reasoning, that same mechanic would be expected to express an opinion that the dented fender had been caused by an accident — a proposition that has no basis in the law. Whether the flooding caused the five foot high water in the basement was simply not a question for the expert. That was a jury question and, given the compelling photographs submitted in support of plaintiff's opposition to defendant's motion for summary judgment that showed plaintiff's backyard looked like a flood plain, the jury would likely not have needed any expert testimony to assist it in concluding that two feet of water outside the house caused the basement to flood.
Even if an opinion on causation were needed, we find the matter had been adequately expressed in such a way that the court's dismissal would have been ill-advised. In a letter sent to plaintiff's attorney, the engineer stated he had considered whether there were "any other solutions other than mounding to protect the Gordons from the severe flooding they receive during unusual storms." The engineer then proposed that a storm sewer be installed to drain rain water into an existing creek. In that way, water would exit the site "before it could reach the level of causing damage to the Gordon house and the surrounding buildings." The reference to damage "to the Gordon house" certainly suggests that flood water near the house caused the flooding in the basement. The assigned errors are sustained.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________________ JAMES M. PORTER, ADMINISTRATIVE JUDGE
 _______________________________ TERRENCE O'DONNELL, JUDGE
 _______________________________ JOHN T. PATTON, Judge
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).